IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | CRIMINAL ACTION NO. 4:18-CR-50-SDJ |
| v. | § | |
| | § | |
| WAYNE ALAN WATSON (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Petitioner Wayne Alan Watson's ("Petitioner") "Motion for Rehearing on My Motion to Remove Counsel on Appeal" ("Motion for Reconsideration") [Dkt. 108]. Therein, Petitioner requests a hearing to show his third appointed lawyer in this criminal case—who is currently serving as his counsel on appeal—should be removed. After considering the Motion for Reconsideration [Dkt. 108], and all other relevant filings, the Court recommends the Motion to Appoint New Counsel [Dkt. 105] and Motion for Reconsideration [Dkt. 108] be transferred to the Fifth Circuit for resolution.

**BACKGROUND AND ANALYSIS**

On September 13, 2018, after jury trial, Petitioner was convicted of three counts of Armed Bank Robbery, in violation of 18 U.S.C. 2113(a) [Dkt. 75]. During the pendency of his criminal case, Petitioner filed numerous requests for new counsel, repeatedly complaining of counsel's performance. On March 8, 2018, Petitioner was appointed his first lawyer, an assistant federal public defender [Dkt. 13]. On July 2, 2018, Petitioner asked the Court to remove the public defender and substitute new counsel [Dkt. 30]. On July 13, 2018, the Court granted Petitioner's request, and Petitioner's second lawyer, Smith, was substituted as counsel [Dkt. 40]. Petitioner later also requested Smith be removed, which the Court denied [Dkts. 61; 64]. Subsequent to Petitioner's trial, Smith asked to withdraw due to the relationship between himself and Petitioner

becoming "completely and entirely unworkable" [Dkt. 81]. On October 24, 2018, Petitioner's third appointed lawyer—Belden—was substituted for purposes of sentencing [Dkt. 82]. Belden has also continued to represent Petitioner on appeal and has taken steps to prosecute the appeal. *See* Brief for Appellant, *USA v. Wayne Watson*, No. 19-40153 (5th Cir. filed Feb. 22, 2019), ECF No. 515055503. Belden is listed as counsel of record before the Fifth Circuit. *See* Appearance Form, *USA v. Wayne Watson*, No. 19-40153 (5th Cir. filed Feb. 22, 2019), ECF No. 514959884.

Petitioner now asks the Court to remove his current (and third) appointed lawyer, Belden, and provide him yet another (fourth) lawyer for his appeal [Dkts. 105; 108]. Specifically, on May 30, 2019, Petitioner claimed Belden had not communicated with him about his appeal [Dkt. 105]. On June 12, 2019, Belden notified the Court that he had had multiple meetings with Petitioner and was "on top of the appeal" [Dkt. 106]. The Court, therefore, denied Petitioner's request for new counsel as moot [Dkt. 107]. On July 3, 2019, Petitioner filed a further request for new counsel, which is the instant motion [Dkt. 108]. Therein, Petitioner asks the Court to reconsider Petitioner's request, remove Belden, and appoint new counsel [Dkt. 108]. Belden filed no response to the Motion for Reconsideration. Notably, on September 4, 2019, Petitioner also filed a letter Motion with the Fifth Circuit Court of Appeals requesting the appellate court remove Belden and appoint new counsel. *See* Motion Filed by Appellant, *USA v. Wayne Watson*, No. 19-40153 (5th Cir. filed Feb. 22, 2019), ECF No. 515105493. Such letter Motion remains pending before the Fifth Circuit and has not yet been ruled upon. On September 10, 2019, the instant Motion for Reconsideration was referred to the undersigned for consideration by United States District Judge Sean D. Jordan [Dkt. 111].

To the extent Petitioner seeks to substitute counsel to represent him on appeal, he is of course free to retain counsel of his choosing. To the extent he is asking for yet another appointed

counsel on appeal, Petitioner's request cannot be determined on the merits by this Court. As other district courts in the Fifth Circuit have previously found, a motion to substitute counsel on a case that is currently on appeal before the Fifth Circuit is best addressed by the Fifth Circuit—not the district court. *See, e.g.*, *United States v. Hinojosa*, Cr. No. C-09-480, 2010 WL 11614344, at *1 (S.D. Tex. Jan. 21, 2010) ("Because his appeal is currently before the Fifth Circuit, his motion for substitution of counsel is properly addressed by that Court); *United States v. Ayers*, Cr. No. C-07-57(3), 2007 WL 2427832, at *1 (S.D. Tex. Aug. 22, 2007) ("Because Ayers' appeal is currently before the Fifth Circuit Court of Appeals, his motions for substitution of counsel are properly addressed by that court."); *see also* Fifth Circuit Plan under the Criminal Justice Act, § 5(B) ("If a party represented by appointed counsel wishes the court of appeals to relieve counsel and appoint new counsel, he or she must file with the clerk a legible motion asking for that relief."). Because Petitioner's appeal is currently before the Fifth Circuit, his Motion for Reconsideration is properly addressed on the merits by that Court. Moreover, Petitioner already has a similar request pending before the Fifth Circuit, further buttressing that the instant Motion for Reconsideration should be transferred and considered by the appellate court.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's Motion for Reconsideration [Dkt. 108] and Motion for Substitution of Counsel [Dkt. 105] be transferred to the Fifth Circuit for consideration and resolution.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of December, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE